E. F. KELLY, ET AL., v. S. A. McCLUNG, ET AL.

E. F. KELLY, ET AL., v. GEORGE W. STAINBACK, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—348, as *Kelley v. Stainback.*

**Sale to Defraud Creditors.**

> The insolvency of a pretended purchaser up to the time of a sale to him, together with the act of the seller in disposing of all of his property and his disappearance to avoid his creditors, are sufficient to justify the court in finding that such a transfer was without consideration and with intent on the part of both the seller and purchaser to defraud the seller's creditors.

### APPEALS FROM CHRISTIAN CIRCUIT COURT.

October 26, 1880.

OPINION BY JUDGE HINES:

The evidence of a fradulent attempt on the part of Kelly and Mc-Cutcheon to prevent the creditors of Kelly from making their debts is manifest throughout this record. The conceded insolvency of Mc-Cutcheon up to the pretended purchase of the personal property from Kelly, together with the act of Kelly in disposing of all his property and his disappearance for the manifest purpose of avoiding his creditors, are enough in themselves to justify the court in finding that the transfer of the personal property to McCutcheon was without consideration, and with the intent on the part of both Kelly and Mc-Cutcheon to defraud the creditors of Kelly.

As to the real estate subjected, it is still more manifest that the transfer to McCutcheon was fraudulent. Although there is a recited consideration of $250 in hand paid by McCutcheon, it is admitted that nothing was paid; but it is insisted that McCutcheon held the property in trust for the wards of Kelly. If such had been the desire of the parties it is not easy to explain why it was not so expressed in the deed. Even if it had been so expressed and it had been the desire of Kelly to secure the property to his wards the conveyance could not stand. The legal title to the land was in Kelly when these debts were contracted and there was no notice to the creditors that the property was held by Kelly in secret trust for his wards. Such a trust might have been established against Kelly, but not in such a way as to affect his creditors.

There was no error in the failure of the court below to quash the bond given by McCutcheon as claimant of the personal property.

There is no attempt to enforce the bond, and if there was such an attempt it could not alter the case, as McCutcheon gave no security, and he alone is responsible on the bond. The court having adjudged the property belonged to Kelly, we fail to perceive any right McCutcheon has to complain that the bond was made payable to the sheriff instead of the plaintiff in the proceeding.

Judgment *affirmed.*

*S. J. Boyd, for appellants.*

*Wood & Wood, James D. Hays, for appellee.*